UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA PORTNOY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROSA MEZA, et al.,<br><br>　　　　　Defendants. | No.  2:24-cv-03456 DJC CKD (PS)<br><br><br>ORDER |

　　　　Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302(c)(21).

　　　　Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

　　　　The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

1

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim. A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id.

Here, plaintiff alleges that in January 2024, she was working at Cache Creek Casino when defendant Meza of the Yocha Dehe Tribal Gaming Agency (YDTGA) suspended her from work without any lawful reason and had security officers escort her out of the casino, which resulted in plaintiff being fired. Plaintiff alleges that Meza fired her unfairly and defamed her as a "dishonest person." Along with Meza, plaintiff names three other YDTGA officials as

defendants, alleging that they "disregarded [her] rights" and caused her to suffer over $1 million in actual damages.

The first page of the complaint lists multiple claims including deprivation of property without due process, violation of procedural due process, and violation of equal protection of the law. It also lists state claims including fraud, defamation, and infliction of emotional distress. However, the body of the complaint does not set forth a short and plain statement of any legal claim. Insofar as plaintiff intends to assert federal claims of due process and equal protection violations, the following legal standards apply:

To prevail in a civil action against state actors for the deprivation of "rights, privileges, or immunities secured by the Constitution and laws" under 42 U.S.C. § 1983, a plaintiff must show that "(1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage." Thornton v. City of St. Helens, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (cleaned up). Section 1983 "is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred." Id. at 1164 (quotation marks and citation omitted).

The Due Process Clause "forbids the governmental deprivation of substantive rights without constitutionally adequate procedure." Armstrong v. Reynolds, 22 F. 4th 1058, 1066 (9th Cir. 2022) (citing Shanks v. Dressel, 540 F.3d 1082, 1090–91 (9th Cir. 2008)). "A section 1983 claim based upon procedural due process has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." Id. (citing Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993)). "While the Ninth Circuit has recognized a substantive right for a generalized right to employment, there is no right to a specific job." Watson v. City of Henderson, 2024 WL 1514983, *13 (D. Nev. April 5, 2024) (citing Armstrong v. Reynolds, 22 F.4th 1058, 1079–80 (9th Cir. 2022)).

To state a § 1983 claim for violation of the Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Thornton, 425 F.3d at 1166-67 (citing Lee v. City of Los

Angeles, 250 F.3d 668, 686 (9th Cir. 2001)).  "The first step in equal protection analysis is to identify the defendants' asserted classification of groups." Id. (citing Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995). The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified. Id.  An equal protection claim will not lie by "conflating all persons not injured into a preferred class receiving better treatment" than the plaintiff.  Id. (citation omitted).

Plaintiff's brief and conclusory allegations fail to meet the federal pleading standards under Rules 8 and 12(b)(6).  For these reasons, the complaint is subject to dismissal. Nevertheless, in light of plaintiff's pro se status, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.

If plaintiff elects to file an amended complaint, this new pleading shall:

i. be captioned "First Amended Complaint";
ii. be limited to 20 pages, with text utilizing a font size of 12 Times New Roman or equivalent and double spacing (*pages exceeding the 20-page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading*);
iii. use numbered paragraphs;
iv. set forth her various claims in separate sections and clearly identify which defendants are allegedly at fault for each claim (e.g., Claim I against defendants X, Y, and Z, Claim II against defendants R and S, etc.);
v. under each section, list the factual allegations supporting that particular claim (for brevity, plaintiff may refer to specific prior paragraphs [i.e. "See ¶¶ 25, 34, and 42"], but in no case shall plaintiff "incorporate all preceding paragraphs" for any claims);
vi. include a general background facts section to orient the reader only as necessary;
vii. include her statements for jurisdiction, venue, and relief sought as is necessary;
viii. omit exhibits, documents, photos, or other such "evidence" of her claims (except for any contracts on which he bases any breach of contract claim);
ix. refrain from alleging redundant, immaterial, impertinent, or scandalous matters; and
x. address any other pleading deficiencies outlined above.

This amended complaint shall be filed within 30 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that she is unable to amend her complaint in compliance with the court's order at this juncture, she may alternatively file a notice of voluntary dismissal of her claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 30 days of this order.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff is granted 30 days from the date of this order, plaintiff shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and
3. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: May 15, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/port3456.ifp-wlta