1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ELENA PORTNOY,                          No.  2:24-cv-03456 DJC CKD (PS)

12                  Plaintiff,

13           v.                                FINDINGS AND RECOMMENDATIONS

14    ROSA MEZA, et al.,

15                  Defendants.

16

17          Plaintiff is proceeding in this action pro se and in forma pauperis.  On May 15, 2025, the

18    undersigned screened plaintiff's original complaint and found that it failed to state a cognizable

19    federal claim.  (ECF No. 3.)  Before the court for screening is plaintiff's First Amended

20    Complaint (FAC).  (ECF No. 4.)  For the reasons set forth below, the undersigned will

21    recommend that the FAC be dismissed without leave to amend, as it fails to cure the deficiencies

22    of the original complaint.

23          Plaintiff alleges that in January 2024, she was unlawfully fired from her job at Cache

24    Creek Casino Resort.  She names Tribal Gaming Agency (TGA) officer Rose Meza, TGA

25    director Ray Patterson, and one other individual as defendants.[1]  Plaintiff alleges that she had no

26    criminal history such as would warrant suspension of her gaming license and dismissal from her

27    _____

28    [1] The alleged role of defendant Leland Kinter is not clear from the body of the complaint.

job.  (FAC at 3.)  A copy of a January 18, 2024 letter on TGA letterhead from defendant Meza to

plaintiff is attached to the complaint.  (FAC at 4.)  In the letter, Meza states in part:

> Your gaming license was suspended on January 9, 2024 for
> dishonesty; failure to disclose and/or provide false statement or
> omission on your gaming license application.

> The Yocha Dehe Tribal Gaming Agency ("YDTGA") is the tribal
> regulatory agency . . . with authority and responsibility under federal
> and tribal law to issue, renew . . . , suspend and revoke tribal gaming
> licenses in accordance with the Yocha Dehe Wintun Nation's Tribal
> Gaming Ordinance and the YDTGA's regulations pertaining to the
> licensing of Cache Creek Casino Resort employees.  Tribal gaming
> regulations require that tribal licenses be revoked when their actions
> could cause disrepute on the Tribe.

(FAC at 14.)  The letter states that plaintiff had "an opportunity to explain the findings resulting

from your background check" and that the TGA had considered all the facts and was suspending

plaintiff's gaming license indefinitely.  (Id.)  As result of the suspended license, plaintiff lost her

job.  (FAC at 4.)

Plaintiff asserts two federal due process claims pursuant to 42 U.S.C. § 1983.  First,

plaintiff claims she was unlawfully deprived of her "property interest in employment" without

due process guaranteed by the Fourteenth Amendment.  (FAC at 4.)  While the Ninth Circuit has

recognized a substantive right for a generalized right to employment, there is no right to a specific

job."  Watson v. City of Henderson, 2024 WL 1514983, *13 (D. Nev. April 5, 2024) (citing

Armstrong v. Reynolds, 22 F.4th 1058, 1079–80 (9th Cir. 2022)).

Second, plaintiff claims that she was unlawfully deprived of her gaming license and/or job

without a hearing, violating her right to procedural due process.  (FAC at 7.)  Plaintiff cites 25

C.F.R. § 558.4, which provides a procedure for the suspension of a tribal gaming license.  She

alleges that defendants violated this regulation by depriving her of her job without the proper

process.  (FAC at 6-7.)

To the extent plaintiff seeks to hold tribal officers liable in their official capacity for

allegedly violating her constitutional rights, they are entitled to immunity from money damages.

See Ferguson v. Hittle, 2023 WL 7095104, *3 (S.D. Cal. 2023), citing Pistor v. Garcia, 791 F.3d

1104, 1110 (9th Cir. 2015) (tribal sovereign immunity protects tribal employees sued in their

1    official capacities).  Absent a waiver of sovereign immunity, plaintiff cannot sue TGA officers

2    "based on acts taken within the scope of their delegated tribal authority in federal court."

3    Ferguson, 2023 WL 7095104, *3, citing Kennerly v. United States, 721 F.2d 1252, 1258-59 (9th

4    Cir. 1983) (holding that, because "there has been no express waiver [of sovereign immunity] or

5    consent to suit, nor any congressional authorization for such a suit against the Tribe, [the federal

6    courts] are without jurisdiction"); Hardin v. White Mountain Apache Tribe, 779 F.2d 476, 479–80

7    (9th Cir. 1985).

8        Additionally, the FAC does not state a § 1983 claim against any defendant because

9    plaintiff has failed to allege facts showing they were acting "under color of state law."  To prevail

10   in a civil action under 42 U.S.C. § 1983, a plaintiff must show that "(1) acts by the defendants (2)

11   under color of state law (3) deprived him of federal rights, privileges or immunities and (4)

12   caused him damage."  Thornton v. City of St. Helens, 425 F.3d 1158, 1163-64 (9th Cir. 2005).

13   "Actions under section 1983 cannot be maintained in federal court for persons alleging a

14   deprivation of constitutional rights under color of tribal law."  Evans v. McKay, 869 F.2d 1341,

15   1347 (9th Cir. 1989).  Here, defendants are identified as TGA officials acting under color of tribal

16   law.  Moreover, "[t]o the extent this dispute at its core pertains to an internal tribal dispute . . . ,

17   [plaintiff] fail[s] to demonstrate this Court has jurisdiction over such matter."  Hardwick v. USA,

18   2025 WL 1696594, *3 (N.D. Cal. June 17, 2025), citing Hammond v. Jewell, 139 F. Supp. 3d

19   1134, 1137 (E.D. Cal. 2015) ("A district court thus generally lacks jurisdiction to resolve matters

20   of internal tribal governance.").

21        Because plaintiff fails to state a cognizable federal claim, this court lacks jurisdiction

22   over her related state claims.  Moreover, it does not appear the complaint can be cured by a

23   second opportunity to amend.

24        Accordingly, IT IS HEREBY RECOMMENDED THAT:

25        1.  The First Amended Complaint (ECF No. 4) be dismissed with prejudice; and

26        2.  The Clerk of Court be directed to close this case.

27        These findings and recommendations are submitted to the United States District Judge

28   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 24, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/port3456.fac_f&rs

4