UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA PORTNOY, | No. 2:24-cv-03456 DJC CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| ROSA MEZA, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se and in forma pauperis. This action proceeds on the First Amended Complaint filed May 27, 2025. (ECF No. 4.) On September 24, 2025, the Magistrate Judge filed Findings and Recommendations herein which contained notice to plaintiff that any objections to the Findings and Recommendations were to be filed within fourteen days. (ECF No. 5.) Plaintiff has filed objections. (ECF No. 6.)

The Court has reviewed the file and finds the findings and recommendations to be supported by the record and by the Magistrate Judge's analysis. In her objections, Plaintiff clarifies that she sues defendant tribal officers in their individual capacities, such that sovereign immunity does not apply. (*See* ECF No. 5 at 2 ("To the extent plaintiff seeks to hold tribal officers liable in their official capacity . . . , they are entitled to immunity from money damages.")). However, the FAC does not cure the defects in

1

the original complaint and fails to state a 42 U.S.C. § 1983 claim for violating Plaintiff's constitutional right to due process. Most notably, the as identified in the Findings and Recommendations, to bring an action under section 1983, the defendants must have been acting under state law. (*See* ECF No. 5.) Plaintiff, however, has clearly identified that Defendants were Tribal Gaming Agency officials.[1] The Magistrate Judge thus appropriately recommended dismissing Plaintiff's First Amended Complaint as Plaintiff cannot allege Defendants were acting under color of state law and thus cannot state a cause of action under section 1983. *See Pistor v. Garcia*, 791 F.3d 1104, 1115 (9th Cir. 2015) ("[T]he well-established rule [is] that a § 1983 claim cannot be maintained against defendants who act under color of tribal rather than state law.")

Accordingly, IT IS HEREBY ORDERED that:

1. The September 24, 2025 findings and recommendations (ECF No. 5) are adopted in full;
2. The First Amended Complaint is dismissed with prejudice; and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 8, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] The Findings and Recommendations state that Defendant Leland Kinter's role is not clear from the body of the complaint (ECF No. 5 at 1 n.1). However, the attachments to the First Amended Complaint make it clear that Plaintiff has identified Defendant Kinter as a Tribal Gaming Agency official. (*See* ECF No. 4 at 4, 18.)

2